UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| KENNETH WYATT, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> PLAINTIFF <br><br> v. <br><br> AMSPEC, LLC, <br><br> DEFENDANT | § § § § § § § § § § § § § | <br><br><br><br><br><br> CIVIL ACTION NO. 3:17-cv-162 |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Kenneth Wyatt, on behalf of himself and all others similarly situated ("Plaintiff") and files this Original Collective Action Complaint against AmSpec, LLC ("Defendant") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1  AmSpec, LLC employs inspectors nationwide to analyze and measure petroleum and petrochemical products for its customers. AmSpec, LLC employed Plaintiff Kenneth Wyatt as an hourly, non-exempt inspector. Throughout his employment, Defendant repeatedly refused to pay Kenneth Wyatt for all overtime hours worked.

1.2  Kenneth Wyatt, on behalf of himself and all others similarly situated employed by Defendant as inspectors, brings this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3     For at least three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay its inspectors for all overtime hours worked.  This collective action consists of current and former non-exempt inspectors who were not paid overtime for hours worked over forty per week.

## II.     JURISDICTION AND VENUE

2.1     The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").  Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce…"

2.2     The Court has personal jurisdiction over Defendant AmSpec, LLC because this Defendant conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3     Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in said District.

## III.    PARTIES

3.1     Kenneth Wyatt is an individual residing in Houston.  His notice of consent is attached hereto as Exhibit A.

3.2     Defendant AmSpec, LLC is a foreign limited liability company organized under the laws of New Jersey.  Defendant AmSpec, LLC may be served with process through

its registered agent for service of process, Corporation Service Company, 211 E. 7th St, Suite 620, Austin Texas 78701.

3.3    Defendant AmSpec, LLC was an employer of the Plaintiff and those similarly situated as defined by 29 U.S.C. §203(d).

## IV.    FLSA COVERAGE

4.1    At all relevant times, Defendant AmSpec, LLC has had gross operating revenues in excess of $500,000.00.

4.2    At all relevant times, Defendant AmSpec, LLC has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.3    At all relevant times, Defendant AmSpec, LLC has employed, and continues to employ, employees, including Plaintiff and those similarly situated, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4    At all relevant times, Defendant AmSpec, LLC has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.5    At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce while performing their job duties for Defendant AmSpec, LLC.

4.6    At all relevant times, Defendant AmSpec, LLC has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V. FACTUAL ALLEGATIONS

5.1   Defendant provides inspection, testing and verification services to its customers in the oil and gas industry. Plaintiff was employed by Defendant as an inspector, and performed the majority of his work for Defendant out of Defendant's Texas City office. As an inspector, Plaintiff's primary duty was to inspect either oil, gas or chemicals that was being transferred from one storage facility to another storage facility. Plaintiff would inspect the product being transferred both for quality and for quantity. Plaintiff's inspections would occur at storage tanks, or on vessels or barges.

5.2   Plaintiff and those similarly situated consistently worked over forty hours per week. Plaintiff and those similarly situated were non-exempt employees. However, Defendant refused to pay Plaintiff and those similarly situated for all overtime hours worked.

5.3   Plaintiff and those similarly situated were required to comply with Defendant's policies and procedures in performing their work during their employment with Defendant.

## VI. COLLECTIVE ACTION ALLEGATIONS

6.1   Other employees have been victimized by this pattern, practice, and policy of Defendant that is in violation of the FLSA. Plaintiff is aware that the illegal practices and policies of Defendant AmSpec LLC have been imposed on other workers.

6.2   Plaintiff brings his claim for relief on behalf of all persons who worked for Defendant as inspectors at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

6.4	Though their job titles may vary, the primary function of members of the Collective Class was to inspect oil, gas and/or chemicals that were being transferred from one storage facility to a different storage facility for both quantity and quality.

6.5	Plaintiff and the Collective Class shared common job duties. Therefore, Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6	Defendant's operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.7	Defendant's pattern of failing to pay for all hours worked over forty per week as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8	Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9	Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on his behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

6.10	Plaintiff requests that Defendant identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

6.12    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.13    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.14    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VII.    CAUSES OF ACTION:  VIOLATIONS OF FLSA

7.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2    Plaintiff and all others similarly situated are non-exempt employees.

7.3    Plaintiff and all others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

7.4    During their employment, Plaintiff and the Collective Class routinely worked well in excess of forty hours per week.  Even though they worked well in excess of forty hours per week, Defendant has failed to pay Plaintiff and the Collective Class for all overtime hours worked, in violation of 29 U.S.C. § 201 *et seq*.

7.5    In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number hours worked per workweek by Plaintiff and the Collective Class.

7.6    Plaintiff and the Collective Class seek all unpaid overtime compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs,

and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Kenneth Wyatt and all those similarly situated who have or will opt into this action, respectfully pray that this Honorable Court follow the certification procedures previously established pursuant to §216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto Plaintiff and all others similarly situated recover the following against Defendant, jointly and severally:

a. unpaid overtime wages for all hours worked in excess of forty hours in a workweek;

b. liquidated damages in an amount equal to their unpaid overtime compensation as allowed by the FLSA;

c. reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Respectfully submitted,

 /s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF